Hon. William Barry Chairman New York State Racing and Wagering Board
This is in reply to your letter of March 10, 1978, in which you request my opinion concerning the announced intention of a corporation licensed to conduct harness racing under the Pari-Mutuel Revenue Law to amend its charter or take other necessary action so that the corporation can expand its business activities into other income-producing areas which are available to corporations organized under the Business Corporation Law.
You note that section 37 of Chapter 254 of the Laws of 1940 (McKinney's Unconsolidated Laws, § 8003) provides for the formation of a corporation for the purpose of conducting harness horse race meetings at which pari-mutuel betting will be conducted. This section further states:
 "No certificate of incorporation under this section shall hereafter be filed without the approval of the State Harness Racing Commission indorsed thereon or annexed thereto."
You ask whether such a corporation as described above, whose certificate of incorporation was approved for filing by the former Harness Racing Commission, may:
1. invest its capital, surplus, profits, etc., in the acquisition of the full ownership to stock of another corporation whose business, purposes and activity are completely unrelated to pari-mutuel harness racing, and properly participate in this profitable, collateral business activity as a controlling holding company; or in the alternative, may such corporation.
2. amend its certificate of incorporation as permitted under Business Corporation Law, § 805 to expand its corporate business in order to engage in such other business activities which may be conferred upon corporations organized under the Business Corporation Law.
The statutory provisions pertaining to harness horse racing may be found in McKinney's Unconsolidated Law, § 8002 et. seq. Section 8003, providing for the formation of corporations to conduct harness horse racing meetings, does not preclude the expansion of corporate activities referred to above (cf. 1954 Atty. Gen. 212). However, as you are aware, the State Racing and Wagering Board as the successor to the Harness Racing Commission possesses broad discretionary powers in regulating the harness horse racing industry (see e.g., McK. Unconsol. Laws, §§ 8002, 8008, 8162, 8163). As has been previously pointed out (1950 Atty. Gen. 189) "incorporation alone does not permit the conduct of pari-mutuel betting at such races even though specified in the certificate". The corporation must obtain a license to conduct harness racing meetings (McK. Unconsol. Laws, § 8008) and clearly all aspects of the corporate activities must, under the weight of authority of the statutes cited above and case law (see, e.g., Sullivan County Harness RacingAss'n, Inc. v. Glasser, 30 N.Y.2d 269; Sullivan County Harness RacingAss'n, Inc. v. City of Schenectady Off-Track Betting Comm., 76 Misc.2d 558, affd. 47 A.D.2d 780, lv. to app. den. 36 N.Y.2d 647), continue to come under the scrutiny and receive the approval of the State Racing and Wagering Board.